UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 2, 2017

LETTER TO COUNSEL

      RE:    *Cheryl Bell v. Commissioner, Social Security Administration;*
               Civil No. SAG-16-1351

Dear Counsel:

On May 5, 2016, Plaintiff Cheryl Bell petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's decision. This letter explains my rationale.

Ms. Bell filed her claim for SSI on February 17, 2012, alleging that she became disabled on June 1, 1988. (Tr. 185). Ms. Bell later amended her disability onset date to February 17, 2012. (Tr. 204). Her claim was denied initially and on reconsideration. (Tr. 113-116, 124-125). A hearing was held on April 24, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 59-92). Following the hearing, on July 11, 2014, the ALJ determined that Ms. Bell was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 18-35). On September 8, 2014, Ms. Bell filed a request for review of the decision with the Appeals Council ("AC"). (Tr. 271-272). The request for review was denied. (Tr. 9-15). On March 10, 2016, Ms. Bell again filed a request for review with the AC following the purported receipt of an unfavorable ALJ decision dated "January 14, 2016." (Tr. 274-275); *see* Pl.'s Mot. Ex. A. The AC attributed the "January 14, 2016" decision to "a clerical error, which occurred with the request for review[,]" confirmed "July 11, 2014" as the correct date of the ALJ's final decision, and again denied Ms. Bell's request for review. (Tr. 2-8). Thus, the ALJ's July 11, 2014 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Bell suffered from the severe impairments of degenerative disc disease, neuropathy, HIV, diabetes, and hypertension. (Tr. 23). Despite these impairments, the ALJ determined that Ms. Bell retained the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 416.967(b) except no climbing of ladders, ropes, or scaffolds; occasional climbing of stairs or ramps; occasional stooping, crouching, crawling or kneeling; no exposure to hazards such as unprotected heights." (Tr. 24). After considering the testimony of a

vocational expert ("VE"), the ALJ determined that Ms. Bell could perform jobs existing in significant numbers in the national economy, and that, therefore, she was not disabled. (Tr. 27).

Ms. Bell makes four arguments on appeal. First, Ms. Bell argues that the ALJ's "January 14, 2016" decision mandates a finding of disability under Medical Vocational Grid Rule ("Grid Rule") 202.01 as of March 10, 2015 – the date that Ms. Bell turned 55 years old. Pl.'s Mot. 8. Second, Ms. Bell argues that testimony provided by the VE was unsworn and therefore, under Federal Rule of Evidence 603, fails to amount to the substantial evidence necessary to support a denial at step 5 of the sequential evaluation.[1] *Id.* at 8-9. Third, Ms. Bell argues that the ALJ erroneously disregarded the opinions of treating physicians in favor of a non-treating consultative examiner. *Id.* at 10. Fourth, Ms. Bell argues that the ALJ's RFC assessment runs afoul of SSR 96-8p and *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). *Id.* at 12-14. These arguments lack merit and are addressed below.

   **I.   Grid Rule**

Ms. Bell argues that she met all requirements of Grid Rule 202.01 prior to the ALJ's "January 14, 2016" decision and is therefore entitled to disability benefits "since at least March 10, 2015, the date Ms. Bell became of advanced age." Pl.'s Mot. 8. Grid Rule 202.01 requires that the claimant be limited to light work; be 55 years of age or older ("advanced age"); have no more than a limited educational background; and have either no past relevant work experience or past relevant work experience limited to unskilled work. 20 C.F.R. Part 404, Subpart P, Appendix 2. The ALJ found that Ms. Bell is limited to light work, has a limited education, and has no past relevant work. (Tr. 26). The ALJ further found that Ms. Bell was born on March 10, 1960, was 51 years old on the date that she applied for SSI, and was "closely approaching advanced age." *Id.* Ms. Bell essentially maintains that the ALJ's age category determination is wrong; she should have been deemed "advanced age," rather than "closely approaching advanced age." *See* Pl.'s Mot. 2, 8. Whether Ms. Bell satisfied the advanced age requirement of Grid Rule 202.01 depends on her age prior to the ALJ's final decision. *See* 20 C.F.R. § 404.1563(b). Although Ms. Bell claims that the ALJ "issued … a second unfavorable decision" on January 14, 2016, the Court adopts the AC's explanation that a "clerical error" arising from Ms. Bell's request for review generated "[a]n additional, duplicate copy of the [ALJ's] decision … in the records, but with an incorrect date on it." (Tr. 7). Indeed, a side-by-side comparison reveals that the July 11, 2014 decision and the "January 14, 2016" decision are identical, except for the date. *See* (Tr. 18-28); Pl.'s Mot. at Ex. A. Thus, the AC concluded, and this Court finds, the ALJ's final decision "is dated correctly as July 11, 2014." *Id.* Consequently, Ms. Bell was 54 years old, and not yet advanced age, on the date of the ALJ's final decision.

Nevertheless, while chronological age based on date of birth determines a claimant's age category for Grid purposes, age categories should not be applied "mechanically in a borderline situation." 20 C.F.R. § 404.1563(b). "If [a claimant is] within a few days to a few months of

---

[1] Ms. Bell also avers that her own testimony was unsworn, but does not argue that her testimony was erroneously relied upon by the VE or the ALJ. Pl.'s Mot. 8.

reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled, [an ALJ] will consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case. *Id.* Here, Ms. Bell was eight months shy of advanced age when the ALJ issued the final decision in this case, s*ee* (Tr. 18, 26), and does not present a "borderline situation." *See, e.g., Flamer v. Comm'r Social Sec. Admin.,* 2015 WL 2345543 at *3 (D. Md. May 14, 2015) (denying appeal where claimant was "a full year" away from an older age category); *Handley v. Colvin*, 2014 WL 4467822 at *9 (D. Md. Sept. 8, 2014) (denying appeal where claimant was less than six months away from an older age category despite concluding that "[t]he borderline range falls somewhere around six months from the older age category.") (citations omitted); *France v. Apfel*, 87 F. Supp. 2d 484, 492 (D. Md. 2000) (granting remand where claimant was five months away from older age category). Accordingly, the ALJ did not err by placing Ms. Bell in the "closely approaching advanced age," rather than "advanced age," category.

## II. Unsworn VE Testimony

Ms. Bell maintains that the ALJ did not base her decision at step 5 of the sequential evaluation on substantial evidence because the ALJ relied upon unsworn VE testimony, in contravention of Federal Rule of Evidence 603. Pl.'s Mot. 8-9. Contrary to Ms. Bell's claim, the record clearly reflects that the VE was "duly sworn" by the ALJ prior to offering testimony in this case. (Tr. 84). Any doubt as to the sufficiency of the VE's affirmation to testify truthfully should end there. In addition, the ALJ "may receive any evidence at the hearing that he or she believes is material to the issues, even though the evidence would not be admissible in court under the rules of evidence used by the court." 20 C.F.R. § 416.1450(e). *See, e.g., Richardson v. Perales*, 402 U.S. 389 (permitting admission of unsworn medical reports in spite of their hearsay character and the absence of cross-examination). Thus, absence of a VE's oath in the record would not render the affected testimony inadmissible for purposes of an SSA administrative hearing.

## III. Medical Opinion Evidence

Ms. Bell also argues that the ALJ favored the opinion of a non-treating, non-examining consultant over the opinions of Ms. Bell's treating physicians. Pl.'s Mot. 9-12. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). The ALJ must also consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, 1996 WL 374180

at *3 ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

Contrary to Ms. Bell's assertion, the ALJ properly evaluated the opinions of Luke Johnsen, D.O., and Ned Sacktor, M.D. The ALJ assigned the medical opinions of Drs. Johnsen and Sacktor "little weight" because they were inconsistent with the medical evidence, unsupported by the objective record, and contradicted by Ms. Bell's testimony. (Tr. 25-26). The ALJ provided several specific examples of contradicted and unsupported statements in the medical assessment reports authored by these physicians. *Id.* Specifically, while Dr. Johnsen and Dr. Sacktor each determined that Ms. Bell met Medical Listing 1.04 for lumbar disc disease, the ALJ noted that these conclusions are not supported by near-contemporaneous spinal imaging reflecting only mild-to-moderate degenerative disc disease. *Id.* (discussing Tr. 293-94, 329-30, 389-90). Moreover, as the ALJ noted, the evidence of record fails to show that Ms. Bell experiences nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis, as required by Listing 1.04. (Tr. 23). Furthermore, Dr. Johnsen's and Dr. Sacktor's statements regarding Ms. Bell's left leg pain and weakness, and Dr. Johnsen's statement that Ms. Bell requires constant use of a rolling walker to ambulate, are contradicted by Ms. Bell's testimony that she can walk 12 blocks, six days a week, to a methadone clinic; climb up and down a flight of stairs, carrying her walker, three times daily; and perform personal care tasks such as cooking, doing laundry, and shopping. (Tr. 24-25, 66-68, 233-35). Indeed, in February, 2014, Dr. Sacktor himself noted that, with physical therapy, Ms. Bell had full strength in her left leg. (Tr. 354). The ALJ also noted that these opinions do not have support in the treatment records, other evidence of record, or medical imaging. (Tr. 25). These inconsistencies provide sufficient justification for the ALJ's decision to accord only "little weight" to Dr. Johnsen's and Dr. Sacktor's opinions.

In contrast, the ALJ ascribed "great weight" to the opinion of consultative examiner Purcell Bailey, M.D., who, in May, 2012, reported that Ms. Bell walked unassisted and with a normal gait, presented normal results upon cardiovascular, physical, and visual field examinations, and "failed to show any disabling limitations." (Tr. 26). The ALJ concluded that Dr. Bailey's findings were "consistent with the totality of the evidence." *Id. See* 20 C.F.R. §416.927(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). Similarly, the ALJ gave "great weight" to the opinion of medical consultant, Kumar Swami, M.D., who found that Ms. Bell could perform light work. (Tr. 26, 108-109). The ALJ's reasoning is legally sound, is based on a careful assessment of the entire record, and is entitled to deference.

**IV.** *Mascio*

Ms. Bell argues that the ALJ did not satisfy the narrative discussion requirement of SSR 96-8p because she failed to provide a function-by-function analysis of Ms. Bell's physical RFC. Pl.'s Mot. 12-14 (citing *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (holding that "remand may be appropriate … where an ALJ fails to assess a claimant's capacity to perform

relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review")). I disagree.

Social Security regulations require an ALJ to include "a narrative discussion of [the] claimant's symptoms and medical source opinions." *Thomas v. Comm'r, Soc. Sec.*, 2011 WL 6130605, at *4 (D. Md. Dec. 7, 2011). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), as amended (Dec. 13, 2000). With respect to physical RFC, "[e]xertional capacity addresses an individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: [s]itting, standing, walking, lifting, carrying, pushing, and pulling." SSR 96-8p, 1996 WL 374184, at *5. Here, in addition to evidence in the record cited by the ALJ in her discussion of Ms. Bell's RFC more broadly, both of the medical opinions given "great weight" by the ALJ explicitly discuss Ms. Bell's function-by-function exertional limitations and support the ALJ's RFC determination. Specifically, Dr. Swami opined that Ms. Bell could occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand, sit, and/or walk for a total of about 6 hours in an 8-hour workday; and push and/or pull an unlimited amount in a day, subject to the above exertional limitations. (Tr. 106). Moreover, both Dr. Swami and Dr. Bailey observed that Ms. Bell had a normal gait and walked unassisted (Tr. 108, 278). These opinions fully support the ALJ's finding that Ms. Bell can perform "light work," defined in the regulations as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." SSR 83-10, 1983 WL 31251, at *5. Ultimately, after considering the above function-by-function opinion and other medical evidence, the ALJ set out restrictions on Ms. Bell's ability to climb ladders, ropes, scaffolds, stairs, and ramps, restricted the frequency of postural activities, and accounted for environmental hazards consistent with Ms. Bell's credible and evidence-supported functional limitations. Because the ALJ's narrative RFC discussion and relevant citations to the record enable meaningful review of the ALJ's physical RFC analysis, remand is not required.

For the reasons set forth above, Ms. Bell's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is AFFIRMED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge